IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TYRONE GRAHAM #119-212
                Petitioner                :

                v.                           :        CIVIL ACTION NO. DKC-14-398

JOHN WOLFE                            :
                Respondent

## MEMORANDUM OPINION

Respondent moves to dismiss Tyrone Graham's Petition for a Writ of Habeas Corpus as time-barred pursuant to 28 U.S.C. § 2244(d)(1)-(2). (ECF No. 6). Graham has responded, arguing the applicable limitations period should be deemed tolled because his claims concerning the voluntariness of his guilty plea did not exist prior to a recent Maryland decision, *State v. Daughtry,* 419 Md. 35 (2011), which overturned a conviction on direct appeal based on a deficient plea colloquy that did not explain the nature of the offense in sufficient detail. (ECF No. 9). After reviewing these papers, the court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts; see also* 28 U.S.C. §2254(e)(2). For reasons set forth herein, the court shall dismiss the Petition with prejudice because one of the claims presented therein is not cognizable and the Petition is otherwise is time-barred.

### Procedural History

In November of 1971, Graham pleaded guilty in the Circuit Court for Baltimore City to one count of first-degree murder and was sentenced to life imprisonment. (ECF No. 1). Graham withdrew his direct appeal from this judgment. (ECF No. 1, p. 2).

On June 1, 1979, Graham filed his first petition for post-conviction relief, alleging ineffective assistance of counsel and an involuntary guilty plea. (ECF No. 6-2, p. 1, Memorandum and Order, Baltimore City Circuit Court Case No. 5025001). The petition was

denied on October 24, 1979. (*Id.*). On January 25, 1995, Graham filed a second post-conviction petition in the Circuit Court for Baltimore City, alleging in part that the trial court should not have accepted his guilty plea for first-degree murder because two of the elements of that offense could not have been proven at trial. (ECF No. 1 and ECF No. 6-1 and 6-2, p. 1). On January 17, 1996, post-conviction relief was denied. (*Id.*). Graham's application for leave to appeal the denial of post-conviction relief was rejected; post-conviction proceedings became final on May 3, 1996. (*Id.*).

On June 9, 2010, Graham filed a motion for a new trial, which was denied on December 21, 2011. (ECF No. 6-1 and 6-2). On April 25, 2011, the Maryland Court of Appeals issued the *Daughtry* decision. Eleven months later, on March 23, 2012, Graham moved unsuccessfully to reopen post-conviction proceedings, based on *Daughtry*. Denial of the motion to reopen became final on February 18, 2014. (*Id.*; *see also* ECF No. 6-3).

On February 10, 2014, the Clerk received the instant Petition, signed February 5, 2014,[1] wherein Graham argues that (1) trial counsel rendered ineffective assistance by failing to ensure Graham's guilty plea satisfied the due process requirements of Md. Rule 4-242(c); (2) the trial court violated his Sixth and Fourteen Amendment rights by failing to ensure that the plea complied with the Rule, and (3) Constitutional Right to Due Process. (ECF No. 1, pp. 5, 7, 9).

## Discussion

Graham alleges a violation of the Sixth and Fourteenth Amendments because the trial court accepted his guilty plea without Graham being informed of the elements of the offenses for

---

[1] For the purposes of assessing timeliness, the court will deem the Petition delivered to prison authorities on the signature date. *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998) (holding a petition shall be deemed to have been filed on the date it was deposited with prison authorities for mailing under the "prison mailbox" rule).

which the plea was tendered as required by Md.Rule 4-242(c).[2]   He also claims that his trial counsel was ineffective because he did not insist that the trial court comply with the requirements of Md.Rule 4-242(c).[3]

Graham's first two state post-conviction petitions included claims of ineffective assistance of counsel, involuntariness of his guilty plea, and trial court error in accepting the plea because two of the elements of first-degree murder could not have been proven at trial. (ECF No. 6-2, p. 1).  Post-conviction proceedings relevant to these claims were concluded in May of 1996.  Graham did not seek federal habeas corpus relief within one year of the denial of post-conviction relief.  Thus, to the extent Graham's federal habeas claims are premised generally on a violation of the Sixth and/or Fourteenth Amendment, or in any way is derivative of the protections afforded in *Boykin v. Alabama*,[4] 395 U.S. 238, 242 (1969), the claims could have been presented on direct appeal and by way of post-conviction, and thereafter brought to this court within the one-year limitations period.  Any attempt to present such claims here is statutorily time-barred, and nothing suggests equitable tolling should be applied to resurrect the claims at this juncture.

Graham, however, premises his habeas claim solely on *Daughtry*, and argues that he sought federal habeas corpus relief on this claim within one year following his unsuccessful

---

[2] It appears Graham participated in the robbery of the victim but was not the shooter.  He states he was charged with both forms of first-degree murder (felony murder and premeditated murder).  Graham indicates the trial court on the record explained the elements of felony murder and accepted his plea to felony murder, then "dropped the alleged underl[ying] felony."  (ECF No. 9, p. 3).  Graham argues that because charges concerning the underlying felony were dropped and the statement of facts was "consistent with the fact that the murder was not premeditated," he could not be convicted of first-degree murder.  (*Id.*).

[3] No additional facts are asserted in support of Petitioner's third claim.

[4] To be valid, a guilty plea must be the informed and intelligent decision of the criminal defendant, *Boykin v. Alabama*, 395 U.S. 238, 242 (1969); must be the voluntary and intelligent choice of the defendant among alternative courses of action open to him, *North Carolina v. Alford*, 400 U.S. 25, 31 (1970); and is unacceptable if the defendant does not comprehend his constitutional protections and the charges lodged against him, *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976).  These constitutional protections existed at the time Graham entered his plea.

attempt to have the state courts apply *Daughtry* retroactively to his conviction. He asks that this court remand his case to the Maryland courts with instruction to grant him a counseled hearing to address whether *Daughtry* should be applied retroactively to his benefit. In essence, Graham is arguing that the Maryland courts have an obligation to apply *Daughtry* retroactively on post-conviction review, and that the Maryland Rule interpreted in *Daughtry* establishes a newly recognized constitutional right.

Before considering this claim, a discussion of the limitations period for seeking federal habeas corpus relief is in order. The Antiterrorism and Effective Death Penalty Act (AEDPA) was enacted and signed into law on April 24, 1996. Prior to AEFPA, there was no time limitation on when a prisoner could file an original action for habeas corpus relief in federal court. AEDPA introduced a one-year limitations period for state prisoners filing under 28 U.S.C. § 2254. That limitations period, set forth at 28 U.S.C. § 2244(d),[5] provides a one-year statute of limitations in non-capital cases for those convicted in a state case. Here, Graham completed

---

[5] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

post-conviction review on May 3, 1996, and had one year from that date in which to file a petition for writ of habeas corpus in federal court. This one-year period is, however, tolled while properly filed post-conviction proceedings were pending and may otherwise be equitably tolled.[6] *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). To the extent that Graham seeks to pursue a Sixth or Fourteenth Amendment claim with regard to the trial court's acceptance of his guilty plea, neither tolling provision is applicable.

To the extent Graham is attempting to revive the claim of trial court error as timely based on recent case law interpreting a Maryland rule, he fares no better. *Daughtry* did not introduce a new right; rather, it clarified a state procedural rule. On September 5, 2006, Demetrius Daughtry pleaded guilty to first-degree murder and a handgun offense in the Circuit Court for Prince George's County. On direct appeal, Daughtry argued that his plea colloquy was insufficient to show that his plea was voluntary and based on his understanding of the nature of the charges. The Court of Special Appeals vacated Daughtry's convictions, and the State obtained *certiorari* review.

On April 25, 2011, the Maryland Court of Appeals examined Maryland Rule 4-242 and applicable case law and affirmed the intermediate appellate court ruling. In so doing, the court held that a defendant must be made aware of the nature of the charges against him, and the plea record must reflect more than the fact that the defendant is represented by counsel and discussed generically the plea with his attorney. The appellate court also determined that its ruling did not

---

[6] In order to be entitled to equitable tolling, Graham must establish that either some wrongful conduct by Respondent contributed to the delay in filing and completing state post-conviction review, or that circumstances beyond his control caused the delay. *See Rouse v. Lee*, 339 F. 3d 238, 246 (4th Cir. 2003); *Harris v. Hutchinson*, 209 F. 3d 325, 328 (4th Cir. 2000). "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* Nothing in the record suggests that misconduct or some extraordinary circumstance prevented Graham from timely filing in this court following the completion of state post-conviction review. To the extent delay might be attributed to his lack of understanding of the law, unfamiliarity with the law may not be used to justify equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Graham has failed to satisfy his burden to demonstrate that equitable tolling is warranted.

overrule long-standing prior law or declare a new principle of law with regard to the voluntariness of guilty pleas, and would be given full retrospective effect. *See Daughtry,* 419 Md. at 78-79.

It is unclear what effect the *Daughtry* decision will have on Maryland guilty pleas that predate its issuance. To the extent Graham presented a *Daughtry* claim in his attempt to reopen state post-conviction proceedings, the state courts have rejected *Daughtry's* application to the facts of his case. As *Daughtry* was a state court decision, it cannot be considered a new rule of constitutional law recognized by the Supreme Court that starts anew the running of the one-year limitations period pursuant to 28 U.S.C. 2244(d)(1)(C). Graham's Petition shall be denied.

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his motion. *See* 28 U.S.C. § 2253(c) (1). A Certificate of Appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253 (c) (2). When a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid clam of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse,* 252 F.3d at 684 (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). The court will not issue a COA because Graham has not made the requisite showing.[7]

A separate order follows.

January 5, 2015
                                         _____/s/_____
                                         DEBORAH K. CHASANOW
                                         United States District Judge

---

[7] Denial of a Certificate of Appealability in the district court does not preclude Graham from requesting a Certificate of Appealability from the appellate court.